**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4330**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERT JAMAAL LILES,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. Terry L. Wooten, District Judge. (4:10-cr-00945-TLW-2)

Submitted: April 19, 2012          Decided: April 24, 2012

Before NIEMEYER, SHEDD, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John M. Ervin, III, Darlington, South Carolina, for Appellant. Alfred William Walker Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Liles pled guilty, pursuant to a written plea agreement, to conspiracy to distribute 50 grams or more of crack and powder cocaine, 21 U.S.C. § 846 (2006), and was sentenced to 262 months' imprisonment. Liles noted a timely appeal.

Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that he has found no meritorious grounds for appeal, but questioning whether the district court complied with Fed. R. Crim. P. 11 in accepting Liles' guilty plea and whether the sentence imposed was reasonable. Although informed of his right to file a pro se supplemental brief, Liles has not done so. We affirm.

We have reviewed the transcript of Liles' guilty plea hearing and find that the district court fully complied with the mandates of Rule 11. The court ensured that Liles understood the charges against him, the potential sentence he faced, and the rights he was giving up by pleading guilty. See United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). Moreover, Liles entered his plea knowingly and voluntarily, and the plea was supported by a sufficient factual basis. Id. at 119-20.

We review Liles' sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence.

Id. We assess whether the district court properly calculated the advisory Guidelines range, considered the factors set forth in 18 U.S.C. § 3553(a) (2006), analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Gall, 552 U.S. at 49-50; see United States v. Lynn, 592 F.3d 572, 575-76 (4th Cir. 2010). If there is no procedural error, we review the substantive reasonableness of the sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). If the sentence is within the Guidelines range, we apply a presumption of reasonableness. Rita v. United States, 551 U.S. 338, 346-56 (2007) (upholding presumption of reasonableness for within-Guidelines sentence).

We have thoroughly reviewed the record and conclude that the sentence is both procedurally and substantively reasonable. Moreover, Liles has failed to overcome the presumption of reasonableness we accord his within-Guidelines sentence.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Liles' conviction and sentence. This court requires that counsel inform Liles, in writing, of the right to

3

petition the Supreme Court of the United States for further review. If Liles requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Liles.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED